Donald Allen **KIGER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 14134.

United States Court of Appeals
Sixth Circuit.

July 20, 1960.

Jack H. Patricoff, Dayton, Ohio (John
R. Ensley, Dayton, Ohio, on the brief),
for appellant.

H. Donald Hawkins, Asst. U. S. Atty.,
Dayton, Ohio (Hugh K. Martin, U. S.
Atty., Columbus, Ohio, on the brief), for
appellee.

Before MARTIN, WEICK and O'SUL-
LIVAN, Circuit Judges.

PER CURIAM.

Defendant appeals from his convic-
tion by a jury of bank robbery, (Title
18, § 2113, U.S.C.). He was sen-
tenced to a twelve year prison term. The
robbery occurred on January 3, 1958, at
the Winters National Bank and Trust
Company, Phillipsburg, Ohio. Defend-
ant, in support of his defense of alibi,
claimed he was in Richmond, Indiana, at
the time of the robbery. Nine individ-
uals who were eye witnesses at the scene
of the bank robbery identified defend-
ant as the robber. Defendant's auto-
mobile was identified as the car in which
the robber left the scene. Defendant
testified in his own behalf. Challenging
identification of him by government wit-
nesses, he testified that on January 2,
the day before the robbery, he was en-
gaged in a fight which resulted in cer-
tain facial abrasions and discolorations
which were still evident on the day of
the robbery. None of the government's
witnesses testified to observing any abra-
sions or discolorations on the face of
the perpetrator of the robbery. A de-
fense witness corroborated defendant's
claim as to the fight of January 2nd.
To corroborate his claim that on the day
of the robbery his face bore marks of
the fight which occurred on January 2,
defendant identified some snapshots of
himself, allegedly taken about the end
of the month of January, 1958. He was
the only witness called to identify the

snapshots. They did disclose, as of the time they were made, some discoloration under one of defendant's eyes and a small adhesive patch near the same area. He claimed that the condition of his face as of the date of the robbery was, "much worse" than the condition disclosed by the pictures.

The District Attorney objected to the admission of these pictures as exhibits, asserting in substance, that they were of no value because of the remoteness of the time of their taking to the date of the offense, and that they had not been properly identified or otherwise qualified for admission. The trial judge sustained the objection. We are of the opinion that the pictures were admissible evidence. Defendant's own statement that they were pictures of himself taken at a certain time was sufficient identification. Notwithstanding the elapsed time between the date of the robbery and the taking of the pictures, their relevancy on the question of the appearance of his face as of the date of the robbery was established by his statement that the condition of his face, "was much worse" on the latter date. However, we are of the opinion that the exclusion of these exhibits was, in this case, harmless error. The record shows that some nine witnesses clearly identified the defendant as the bank robber. Neither the validity of these identifications nor the credibility of these witnesses was impaired by cross-examination or other evidence in the case. It is true that these witnesses made no reference to facial marks. One or more of the identifying witnesses, when asked, could not recall seeing any facial disfigurement of the robber. Defendant gave his own evidence as to the existence of the discoloration and marking on his face as of the date of the robbery, and had the benefit of one witness' testimony that he had actually been engaged in a fight on January 2.

Having in mind the strong and convincing evidence presented to the jury identifying defendant as the bank robber and, upon review of the record of the trial, we are persuaded that the court's exclusion of the mentioned photographs was harmless error, within the contemplation of Rule 52(a) of the Federal Rules of Criminal Procedure.

This court has indicated its adherence to the rule that where evidence of guilt is abundant and strong, an error such as is disclosed by the trial court's exclusion of the mentioned photographs will be considered as harmless. Banning v. United States, 6 Cir., 130 F.2d 330, 339. Such is the general rule. Green v. United States, 9 Cir., 19 F.2d 850, 854; United States v. Sheba Bracelets, Inc., 2 Cir., 248 F.2d 134; Thompson v. United States, 8 Cir., 258 F. 196, 201; Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Borden Co., 347 U.S. 514, 516, 74 S.Ct. 703, 98 L.Ed. 903.

Judgment affirmed.